TORRINGTON CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND ICSA INDUSTRIES CUSCINETTI S.P.A., SKF USA, INC., AB SKF, RIV-SKF INDUSTRIES, S.P.A., SKF CUSCINETTI SPECIALI AND RFT, FAG KUGELFISCHER GEORG SCHAEFER KGAA, FAG CUSCINETTI S.P.A., AND FAG BEARINGS CORP., DEFENDANT-INTERVENORS

Court No. 89–06–00310

(Dated August 19, 1991)

*Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Wesley K. Caine, Charles A. St. Charles* and *Myron A. Brilliant)* for plaintiff.

*Stuart M. Gerson,* Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Jeanne E. Davidson);* of

---

[1] The criteria include the general physical characteristics of the merchandise, the expectations of the ultimate purchasers, channels of trade in which the goods travel, the ultimate use of the product, and its cost. *Id.*

counsel: *John D. McInerney,* Senior Counsel, *Douglas S. Cohen, Craig R. Giesse, Diane McDevitt, Stephanie J. Mitchell* and *Maria Solomon,* Attorney-Advisors, Office of the Chief Counsel for Import Administration, Department of Commerce, for defendant.

*Donovan Leisure Newton & Irvine (Pierre F. de Ravel d'Esclapon)* for ICSA Industries Cuscinetti S.p.A.

*Howrey & Simon (Paul Plaia, Jr., Herbert C. Shelley, Joel D. Kaufman, Cecilia H. Gonzalez, Alice A. Kipel, Lauren D. Frank* and *Juliana M. Cofrancesco)* for SKF USA, Inc., AB SKF, RIV-SKF Industries, S.p.A., SKF Cuscinetti Speciali and RFT.

*Grunfeld, Desiderio, Lebowitz & Silverman (Max F. Schutzman* and *David L. Simon)* for FAG Kugelfischer Georg Schaefer KGaA, FAG Cuscinetti SpA and FAG Bearings Corporation.

## MEMORANDUM OPINION AND ORDER

TSOUCALAS, *Judge:* Plaintiff, The Torrington Company ("Torrington"), brings this action to challenge the final determination of the Department of Commerce, International Trade Administration ("Commerce" or "ITA") in the antidumping investigation of antifriction bearings from Italy. *Final Determination of Sales at Less Than Fair Value; Antifriction Bearings (Other Than Spherical Plain and Tapered Roller Bearings) and Parts Thereof From Italy; and Final Determination of Sales at Not Less Than Fair Value; Spherical Plain Bearings and Parts Thereof, From Italy,* 54 Fed. Reg. 19,096 (1989). Pursuant to Rule 56.1 of the rules of this Court, plaintiff seeks partial judgment upon the agency record regarding that part of the ITA's determination which stated that the petition encompassed five separate classes or kinds of antifriction bearings.

The facts of this case were set out in detail in *Torrington Co. v. United States,* 14 CIT 507, 745 F. Supp. 718 (1990), *aff'd,* No. 91–1020 (Fed. Cir. July 3, 1991). Briefly, while Torrington's petition described the subject merchandise as all ground antifriction bearings (except tapered roller bearings) and parts thereof, the ITA subdivided the merchandise into five classes or kinds: ball bearings, spherical roller bearings, cylindrical roller bearings, needle roller bearings and spherical plain bearings. 54 Fed. Reg. at 18,999. Plaintiff claims Commerce does not have the authority to modify the petition's description of "class or kind," but even if it did, its modification is not supported by substantial evidence in the record.

A final antidumping determination by the Department of Commerce will be affirmed unless that determination is not supported by substantial evidence or is otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B) (1988). Substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938); *Alhambra Foundry Co. v. United States,* 12 CIT 343, 345, 685 F. Supp. 1252, 1255 (1988) (citations omitted).

The Court adheres to its opinion in *Torrington* and finds that, as a matter of law, the ITA has the authority to subdivide the petition's class or kind description when necessary, and when there is substantial evidence to support the subdivision.

In the case at bar, plaintiff has attempted to prove that antifriction bearings are one class or kind by showing similarities among the various bearings within the framework of the criteria set forth in *Diversified Prods. Corp. v. United States,* 6 CIT 155, 162, 572 F. Supp. 883, 889 (1983).[1] The Court finds that the similarities among the bearings are outweighed by substantial evidence supporting the finding of five classes or kinds. *See Torrington,* 14 CIT at 513–19, 745 F. Supp at 723–27. Accordingly, the determination of the ITA is affirmed.

---

[1] The criteria include the general physical characteristics of the merchandise, the expectations of the ultimate purchasers, channels of trade in which the goods travel, the ultimate use of the product, and its cost. *Id.*